UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN DOE,

                Plaintiff,                      Case No.: 6:21-cv-6761

      v.

ROCHESTER INSTITUTE OF
TECHNOLOGY,

                Defendant.
-------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe ("Plaintiff"), by his attorneys Nesenoff & Miltenberg, LLP, seek authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff John Doe, to refer to his female accuser as Jane Roe and to have a protective order restraining the Defendants from disclosing their real names. In light of the personal nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the possibility of prejudice that could further prevent Plaintiff from proceeding with his future endeavors, and inflict further harm, including the exact type from which Plaintiff seek relief in this action. Plaintiff's identity, as described in the Complaint, should not be disclosed to the public due to the nature of the allegations in said Complaint. *See* Declaration of Philip A. Byler, Esq. attached to Plaintiff's *Ex Parte* Motion to Proceed Under a Pseudonym.

### STATEMENT OF FACTS

The relevant facts are stated in the accompanying Complaint, Exhibit A to the Byler Declaration, asserting claims for Title IX sex discrimination, breach of contract and promissory estoppel.

**ARGUMENT**

Many federal courts permit parties to proceed with a pseudonym when special circumstances arise. Generally, in determining whether to permit a party to proceed with a pseudonym, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000). *See also Grottano v. City of New York*, 2016 WL 2604803, at *1 (S.D.N.Y. Mar. 30, 2016) (*quoting Michael v. Blomberg L.P.*, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) ("The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a plaintiff's interest in anonymity … against both the public interest in disclosure and any prejudice to the defendant") (internal quotation marks omitted); *Doe v. Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017); *Doe v. Indiana Univ.*, 20-CV-123, 496 F.Supp.3d 1210 (S.D. Ind. 2020).

As neither the U.S. Supreme Court nor the Second Circuit have definitively articulated the circumstances under which a plaintiff may use a pseudonym, the Court must look to implicit recognitions and framework established by neighboring district and circuit courts. The U.S. Supreme Court has implicitly recognized the use of pseudonyms, and federal courts generally allow plaintiffs to proceed under pseudonyms in cases where the action is of a highly sensitive nature, or when a substantial private interest is involved. *Doe v. Blue Cross & Blue Shield of RI*, 794 F.Supp. 72, 74 (D.R.I. 1992); *see also*, *Roe v. Wade*, 410 U.S. 113 (1973) (allowing plaintiffs to proceed pseudonymously in action involving abortion). U.S. Courts of Appeal have issued decisions in a numerous Title IX cases involving plaintiffs using pseudonyms. *See*, *e.g.*, *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Miami*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Oberlin*, 963 F.3d 580 (6th Cir. 2020); *Doe v. University of Sciences*, 961 F.3d 203 (3d Cir. 2020); *Doe v.*

*New York University*, 2021 WL 1662532 (S.D.N.Y. Apr. 28, 2021).

The U.S. District Court of New Hampshire in *Doe v. Trustees of Dartmouth College* examined whether a plaintiff should be permitted to proceed under a pseudonym in an action regarding a charge of sexual misconduct. The District Court of New Hampshire relied on the nine-factor balancing test articulated by the Third Circuit in *Doe v. Megless,* 654 F.3d 404 (3d Cir. 2011), to determine whether the plaintiff could proceed under a pseudonym. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018).

Recognizing that the court must balance the need for confidentiality against the public interest in disclosure (*Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995)), the Third Circuit identified the following relevant factors for consideration: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives; (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Doe v. Megless,* 654 F.3d 404, 409 (3d Cir. 2011). As outlined below, applying this framework to the instant matter, Plaintiffs here should be

permitted to proceed under a pseudonym.

As outlined below, a balancing of these factors leads to the inevitable conclusion that Plaintiff should be permitted to proceed with a pseudonym in the present action.

### A. The Litigation Involves Matters that are Highly Sensitive and of a Personal Nature

Plaintiff and his female accuser should be permitted to proceed under pseudonyms given the highly sensitive and personal nature of this litigation and the facts and circumstances underlying Plaintiff's claims. In the present action, Plaintiff contends that the revelation of their names would result in embarrassment or public humiliation.

As observed by the District Court in *Doe v. Trustees of Dartmouth College,* "one's sexual practices are among the most intimate parts of one's life and the public disclosures of such information may subject one to embarrassment or ridicule." *Doe v. Trustees of Dartmouth Coll.,* at \*5-6 (*citing to Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72, 74 (D.R.I. 1992) (internal citations omitted)). *See also Doe v. Purdue Univ.,* 321 F.R.D. at 342 ("this litigation requires the disclosure of 'information of the utmost intimacy,' as demonstrated by the details set out in the Complaint, including information regarding Plaintiff's and Jane Roe's sexual relationship, Jane Roe's allegations of sexual misconduct, and the details of the University's findings.").

### B. Plaintiff's Identity Has Been Kept Confidential To Date

Here, Plaintiff has protected his identity thus far, particularly in the public realm, leading up to these proceedings. Plaintiff is not aware of any media coverage of the Rochester Institute of Technology's case.

### C. Disclosure of Plaintiff's Identity Would Result in Significant and Irreparable Harm to Plaintiff

Plaintiff should be permitted to proceed anonymously in this matter as the revelation of their identities would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.,* 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016).

Courts have repeatedly recognized that the disclosure of the names of victims of sexual assault makes such individuals susceptible to added ridicule, stigmatization, and further mental and emotional harm. *See e.g.*, *Doe v. Cabrera*, 301 F.R.D. 1, at *5, n. 6 (D.D.C. 2014); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y.1996); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D.Tex. 2007); *E.E.O.C. v. Spoa, LLC.*, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (finding that ordering the plaintiff to proceed under her own name "poses needless risk of mental harm" and further finding that "[i]t is not simply that Doe may face embarrassment from … widespread disclosure … but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access").

Furthermore, if the Court requires Plaintiff to reveal his true identity publicly, even if he were ultimately to obtain a favorable verdict, his future academic and career prospects, resulting in further mental, emotional, and psychological harm, would nonetheless be hindered and discoverable by a simple internet search. As such, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). Additionally, the District Court in *Doe v. Trustees of Dartmouth College* recognized this as the most significant factor in its analysis the plaintiff's concern that public disclosure would forever subject him to reputational damage and impair his future

educational and career prospects, regardless of the outcome of the litigation. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *5–6 (D.N.H. May 2, 2018). The Court agreed that this concern was "exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation." *Id.*

Without a means to control the content disseminated by a media outlet covering a given case, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff. Critically, as is the case in the present matter, "public identification could defeat the very purpose of the litigation." *Doe v. Trustees of Dartmouth Coll.* at *5–6. Forcing Plaintiff to reveal his identity would not further any aspect of the litigation but would "instead pose[] a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3.

### D. Defendants Will Not Be Prejudiced By Permitting Plaintiff to Proceed Pseudonymously

Plaintiff should also be permitted to proceed under pseudonyms because Defendants will not be prejudiced in any way by proceeding against an anonymous party.

"Other than the need to make redactions and take measures not to disclose Plaintiff's identity, Defendant[s] will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiffs identify themselves or proceeds anonymously.

Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing their names will cause significant prejudice and harm to Plaintiff, while proceeding

anonymously will not hinder Defendants in any way.

**E.     There Is A Weak Public Interest In Knowing Plaintiff's Identity**

Plaintiff should also be permitted to proceed in this action by pseudonym as the public does not have a strong interest in knowing his identity as an individual.  There is nothing about the identity of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh other factors weighing in favor of allowing Plaintiff to proceed by pseudonym. Moreover, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter.

**F.     Additional Considerations Favor Permitting Plaintiff To Remain Anonymous**

The remaining factors articulated in *Doe v. Megless* likewise weigh in favor of permitting Plaintiff to proceed anonymously. Plaintiff does not have nefarious ulterior motives in seeking to use a pseudonym; he seeks redress for the harm he has suffered; and he is a young male whose future employment possibilities should not be unnecessarily prejudiced from the revelation of his involvement in this case.  Plaintiff is prepared to provide a statement of their true identities under seal, upon the Court's request.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to proceed in this action with the pseudonym John Doe, to give his female accuser pseudonym treatment as Jane Roe and to have a protective order restraining the Defendants from disclosing their real names, and to grant such further and other relief as the Court deems just and proper.

**Dated: December 28, 2021**

                                      **Respectfully submitted,**
                                      **NESENOFF & MILTENBERG, LLP**

                                      **By: /s/ *Philip A. Byler***
                                            **Philip A. Byler, Esq.**
                                            **Andrew T. Miltenberg, Esq.**
                                            **363 Seventh Avenue, 5th Floor**
                                            **New York, NY 10001**
                                            **(212) 436-4500**
                                            **pbyler@nmllplaw.com**
                                            **amiltenberg@nmllplaw.com**

                                      *Attorneys for Plaintiff John Doe*