UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOE,

          Plaintiff,

    v.

ROCHESTER INSTITUTE OF
TECHNOLOGY,

          Defendant.

---

**ANSWER**

Civil Action No. 21-cv-6761

Defendant, Rochester Institute of Technology ("RIT" or "the College" or "Defendant"), hereby responds to the Plaintiff's Complaint by and through its attorneys, Bond, Schoeneck, & King, PLLC, as follows:

## THE NATURE OF THIS ACTION

1. As to Paragraph 1, Defendant **ADMITS** Plaintiff is an undergraduate student at RIT who is currently suspended, but **LACKS KNOWLEDGE AND INFORMATION** to respond to the balance of the allegations, and, therefore, **DENIES** same.

2. As to Paragraph 2, Defendant **ADMITS** Plaintiff and "Jane Roe" were fellow students at RIT but **LACKS KNOWLEDGE AND INFORMATION** as to the remaining allegations in Paragraph 2, and, therefore, **DENIES** same.

3. As to Paragraph 3, Defendant **ADMITS** Jane Roe filed a complaint with RIT's Title IX office accusing Plaintiff of non-consensual misconduct that occurred on July 3-4, 2020; **ADMITS** RIT conducted an investigation through its Title IX Office that resulted in a report dated April 21, 2021; **ADMITS** RIT took statements of Plaintiff, Jane Roe, and one of Jane Roe's friends, and collected documents as part of its investigation into Jane Roe's complaint; **ADMITS** RIT's Title IX Office determined a hearing was warranted to determine whether Plaintiff engaged

1

in non-consensual sexual contact and non-consensual sexual intercourse with Jane Roe on July 4, 2020, but **DENIES** the balance of the allegations in Paragraph 3.

4. As to Paragraph 4, Defendant **ADMITS,** on May 24, 2021, a hearing was held regarding Jane Roe's complaint against Plaintiff relating to sexual misconduct on July 3-4, 2020; **ADMITS** on May 28, 2021, the Hearing Officers found that Plaintiff had engaged in non-consensual sexual contact but not non-consensual sexual intercourse with Jane Roe; and **ADMITS** RIT placed Plaintiff on probation until July 5, 2021; but **DENIES** the remaining allegations in Paragraph 4**.**

5. As to Paragraph 5, Defendant **ADMITS** that Plaintiff and Jane Roe appealed the May 28, 2021 decision and it was determined that the case would be re-heard because of new information which was not known at the time of the first hearing; but **DENIES** the remaining allegations in Paragraph 5.

6. As to Paragraph 6, Defendant **ADMITS**, on September 3, 2021, a second hearing was held at which Plaintiff and Jane Roe personally appeared and that Plaintiff provided a statement regarding his side of the events that transpired on July 3-4, 2020; and **ADMITS**, on September 9, 2021, the Hearing Officers determined that Plaintiff had engaged in non-consensual sexual contact and non-consensual sexual intercourse with Jane Roe, and that Plaintiff violated the Non-Contact Order ("NCO") as to Jane Roe; **ADMITS** Plaintiff was suspended until Fall 2022 semester and subject to counseling and service requirements; but **DENIES** the balance of the allegations in paragraph 6.

7. As to Paragraph 7, Defendant **ADMITS** Plaintiff appealed the second Hearing Officers' decision; and, **ADMITS** on October 12, 2021, the September 9, 2021 outcome was upheld and sanctions stayed in place; but **DENIES** the other allegations in Paragraph 7.

8. As to Paragraph 8, Defendant **LACKS KNOWLEDGE AND INFORMATION** to respond to the allegations in Paragraph 8, and therefore, **DENIES** same.

## THE PARTIES

9. As to Paragraph 9, Defendant **ADMITS**, upon information and belief, Plaintiff is a natural male person, but **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to Plaintiff's current residence.

10. As to Paragraph 10, Defendant **ADMITS** RIT is a private university with multiple colleges, but **DENIES** the balance of allegations set forth in Paragraph 10.

## JURISDICTION AND VENUE

11. As to Paragraph 11, Defendant objects to this allegation because it calls for a legal conclusion, and takes no position on same.

12. As to Paragraph 12, **ADMITS** Defendant conducts business within the State of New York, but **DENIES** the subject of this action took place in the Northern District of New York.

13. As to Paragraph 13, Defendant objects to this allegation because it calls for a legal conclusion, and takes no position on same.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. As to Paragraph 14, Defendant objects to this allegation because it calls for a legal conclusion. To the extent a response is necessary, Defendant **DENIES** the allegation.

15. As to Paragraph 15, Defendant **ADMITS** the allegation.

16. As to Paragraph 16, Defendant **ADMITS** the allegation.

17. As to Paragraph 17, Defendant objects to this allegation because it calls for a legal conclusion. To the extent a response is necessary, Defendant **DENIES** the allegation.

13636837.3 2/2/2022

18. As to Paragraph 18, Defendant objects to this allegation because it calls for a legal conclusion. To the extent a response is necessary, Defendant **DENIES** the allegation.

19. As to Paragraph 19, Defendant objects to this allegation because it calls for a legal conclusion. To the extent a response is necessary, Defendant **DENIES** the allegation.

20. As to Paragraph 20, Defendant objects to this allegation because it calls for a legal conclusion. To the extent a response is necessary, Defendant **DENIES** the allegation.

21. As to Paragraph 21, Defendant objects to this allegation because it calls for a legal conclusion. To the extent a response is necessary, Defendant **DENIES** the allegation.

22. As to Paragraph 22, Defendant **ADMITS** the allegations in Paragraph 22.

23. As to Paragraph 23, Defendant cannot respond to the allegation because it references a document purportedly issued by the Department of Education's Office for Civil Rights. The referenced document speaks for itself, and Defendant **LACKS INFORMATION AND KNOWLEDGE** as to whether Plaintiff has described the document accurately.

24. As to Paragraph 24, Defendant cannot respond to the allegation because it references a document purportedly issued by the Department of Education's Office for Civil Rights. The referenced document speaks for itself, and Defendant **LACKS INFORMATION AND KNOWLEDGE** as to whether Plaintiff has properly characterized the document.

25. As to Paragraph 25, Defendant cannot respond to the allegation because it references a document purportedly issued by the Department of Education's Office for Civil Rights. The referenced document speaks for itself, and Defendant **LACKS INFORMATION AND KNOWLEDGE** as to whether Plaintiff has properly characterized the document.

26. As to Paragraph 26, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

27. As to Paragraph 27, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

28. As to Paragraph 28, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

29. As to Paragraph 29, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

30. As to Paragraph 30, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

31. As to Paragraph 31, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

32. As to Paragraph 32, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

33. As to Paragraph 33, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

34. As to Paragraph 34, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

35. As to Paragraph 35, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

36. As to Paragraph 36, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

37. As to Paragraph 37, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

38. As to Paragraph 38, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

39. As to Paragraph 39, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

40. As to Paragraph 40, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

41. As to Paragraph 41, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

42. As to Paragraph 42, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

43. As to Paragraph 43, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

44. As to Paragraph 44, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

45. As to Paragraph 45, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

46. As to Paragraph 46, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

47. As to Paragraph 47, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

48. As to Paragraph 48, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

49. As to Paragraph 49, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

50. As to Paragraph 50, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

51. As to Paragraph 51, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

52. As to Paragraph 52, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

53. As to Paragraph 53, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

54. As to Paragraph 54, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

55. As to Paragraph 55, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

56. As to Paragraph 56, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

57. As to Paragraph 57, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

58. As to Paragraph 58, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

59. As to Paragraph 59, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

60. As to Paragraph 60, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

61. As to Paragraph 61, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

62. As to Paragraph 62, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

63. As to Paragraph 63, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

64. As to Paragraph 64, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

65. As to Paragraph 65, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

66. As to Paragraph 66, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

67. As to Paragraph 67, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

68. As to Paragraph 68, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

69. As to Paragraph 69, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations, and, therefore, **DENIES** same.

70. As to Paragraph 70, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

71. As to Paragraph 71, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

72. As to Paragraph 72, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

73. As to Paragraph 73, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

74. As to Paragraph 74, Defendant **DENIES** the allegations asserted in Paragraph 74.

75. As to Paragraph 75, Defendant **DENIES** the allegations asserted in Paragraph 75.

76. As to Paragraph 76, Defendant **DENIES** the allegations asserted in Paragraph 76.

77. As to Paragraph 77, Defendant **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. As to Paragraph 78, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

79. As to Paragraph 79**,** Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

80. As to Paragraph 80, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

81. As to Paragraph 81, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

82. As to Paragraph 82, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

83. As to Paragraph 83, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

13636837.3 2/2/2022

84. As to Paragraph 84, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

85. As to Paragraph 85, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

86. As to Paragraph 86, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

87. As to Paragraph 87, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

88. As to Paragraph 88, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

89. As to Paragraph 89, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

90. As to Paragraph 90, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

91. As to Paragraph 91, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

92. As to Paragraph 92, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

93. As to Paragraph 93, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

94. As to Paragraph 94, Defendant **ADMITS** Jane Roe shared her version of the events at issue to a representative of RIT's Title IX Office and the representative took notes based on that

discussion that are reflected in Paragraph 94, but **DENIES** that statements articulated in Paragraph 94 necessarily reflect the express words used by Jane Roe.

95. As to Paragraph 95, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegation.

96. As to Paragraph 96, Defendant **ADMITS**, on March 17, 2021, an "investigator" met with Jane Roe, but clarify that this was a Public Safety Officer who responded to Jane Roe's call regarding Plaintiff's violation of a No Contact Order and that this meeting occurred at 11:26 p.m. on March 17, 2021; **ADMITS**, on March 18, 2021, Jane Roe made a written statement of fact, but clarify that this was made as part of the Department of Public Safety call regarding Plaintiff's violation of a N Contact Order and note that the statement is signed at 12:20 am on March 18, 2021; but **DENIES** the remaining allegations in Paragraph 96.

97. As to Paragraph 97, Defendant **LACKS INFORMATION OR KNOWLEDGE** to respond to the allegations.

98. As to Paragraph 98, Defendant **ADMITS**, on March 17, 2021, a No Contact Order with Notice of Investigation and Allegations was issued to all parties and Plaintiff received the No Contact Order at 10:42 p.m.; **ADMITS** Jane Roe reported Plaintiff sent a message to her saying "Hey" at 10:57 pm on March 17, 2021; but **LACKS KNOWLEDGE OR INFORMATION** to respond to the balance of the allegations in Paragraph 98.

99. As to Paragraph 99, Defendant **ADMITS**, on March 24, 2021, an investigator interviewed Plaintiff, but clarify that this was a Public Safety Officer. For the balance of the allegations in Paragraph 99, Defendant defers to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations.

100. As to Paragraph 100, Defendant **ADMITS**, on March 24, 2021, an investigator interviewed Plaintiff, but clarify that this was a Public Safety Officer. For the balance of the allegations in Paragraph 100, Defendant defers to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations.

101. As to Paragraph 101, Defendant **ADMITS**, on March 24, 2021, an investigator interviewed Plaintiff, but clarify that this was a Public Safety Officer. For the balance of the allegations in Paragraph 101, Defendant defers to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations.

102. As to Paragraph 102, Defendant **ADMITS** an investigator interviewed "Witness 1" who was one of Jane Roe's friends at the Airbnb and that Witness 1 provided her side of the story, but **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to truth of the remaining allegations asserted in Paragraph 102.

103. As to Paragraph 103, Defendant **ADMITS** the allegations in Paragraph 103.

104. As to Paragraph 104, Defendant **ADMITS** the allegations in Paragraph 104.

105. As to Paragraph 105, Defendant **ADMITS** the allegations in Paragraph 105.

106. As to Paragraph 106, Defendant **ADMITS**, on May 24, 2021, a hearing was held before two Hearing Officers and Plaintiff and Jane Roe were provided the opportunity to give their side of the story of the events that transpired on July 3-4, 2020, but **LACKS KNOWLEDGE OR INFORMATION** to respond to the balance of the allegations in Paragraph 106.

107. As to Paragraph 107, Defendant **ADMITS** RIT's Title IX Office sent Plaintiff a letter dated May 28, 2021. For the balance of the allegations in Paragraph 107, Defendant defers to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations

108. As to Paragraph 108, Defendant **ADMITS** the Hearing Officers concluded that the preponderance of the evidence supported that there was no consent for the sexual contact in the bed between Plaintiff and Jane Roe, but **DENIES** the remaining allegations in Paragraph 108.

109. As to Paragraph 109, Defendant **ADMITS** the allegations in Paragraph 109 to the extent they are intended to capture the findings of the Hearing Officers.

110. As to Paragraph 110, Defendant **ADMITS** the allegations in Paragraph 110 to the extent they are intended to capture the findings of the Hearing Officers.

111. As to the Paragraph 111, Defendant **ADMITS** the allegations in Paragraph 111.

112. As to Paragraph 112, Defendant **ADMITS** the case would be reheard because new information was furnished by Plaintiff, but **DENIES** the remaining allegations in Paragraph 112

113. As to Paragraph 113, Defendant **ADMITS**, on July 16, 2021, the investigator met with Witness 2, but **LACKS KNOWLEDGE OR INFORMATION** to support a basis as to the truth of the remaining allegations in Paragraph 113.

114. As to Paragraph 114, Defendant **ADMITS** Jane Roe told the investigator that she repressed her emotions and after seeing a counselor she reported the events, but **LACKS KNOWLEDGE OR INFORMATION** to support a basis as to the truth of the remaining allegations in Paragraph 114.

115. As to Paragraph 115, Defendant **ADMITS** a second hearing was held by Zoom with two RIT Title IX Office Hearing Officers, but **LACKS KNOWLEDGE OR INFORMATION** to support a basis as to the truth of the remaining allegations in Paragraph 115.

116. As to Paragraph 116, Defendant **ADMITS** the allegations in Paragraph 116.

117. As to Paragraph 117, Defendant **ADMITS** RIT's Title IX Office sent Plaintiff a letter on September 9, 2021. For the balance of the allegations in Paragraph 117, Defendant defers

to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations.

118. As to Paragraph 118, Defendant **ADMITS** RIT's Title IX Office sent Plaintiff a letter on September 9, 2021. For the balance of the allegations in Paragraph 118, Defendant defers to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations..

119. As to Paragraph 119, Defendant **ADMITS** RIT's Title IX Office sent Plaintiff a letter on September 9, 2021 outlining its conclusions. For the balance of the allegations in Paragraph 119, Defendant defers to the written statement referenced, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations.

120. As to Paragraph 120, Defendant objects to this allegation because it calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** the allegations.

121. As to Paragraph 121, Defendant **ADMITS** the allegations to the extent they are intended to set forth the penalty imposed on Plaintiff, but **DENIES** the remaining allegations in Paragraph 121.

122. As to Paragraph 122, Defendant **ADMITS** the Hearing Officers suspended Plaintiff, but **DENIES** the balance of the allegations in Paragraph 122.

123. As to Paragraph 123, Defendant **ADMITS** the allegations to the extent they contend Plaintiff appealed the second Hearing Officers' decision and the Appellate Board considered the appeal, but **DENIES** the balance of the allegations in Paragraph 123.

124. As to Paragraph 124, Defendant **ADMITS**, on October 12, 2021, the RIT Title IX Office issued a letter to Plaintiff informing himthe September 9, 2021 sanctions were upheld, but to the extent the allegations in Paragraph 124 refer to a document ("October 12, 2021 letter"), the

referenced document speaks for itself, and Defendant **DENIES** allegations to the extent they misstate, mischaracterize, or fail to fully and accurately describe the letter; and Defendant **DENIES** the balance of the allegations set forth in Paragraph 124.

125. As to Paragraph 125, Defendant repeats the responses for each and every allegation above.

126. As to Paragraph 126, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

127. As to Paragraph 127, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

128. As to Paragraph 128, Defendant **ADMITS** the allegation to the extent it alleges Defendant has received and continues to receive federal funding, but **DENIES** the remaining allegations in Paragraph 128.

129. As to Paragraph 129, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

130. As to Paragraph 130, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

131. As to Paragraph 131, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

132. As to Paragraph 132, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

133. As to Paragraph 133, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

134. As to Paragraph 134, Defendant **DENIES** the allegations.

15
13636837.3 2/2/2022

135. As to Paragraph 135, Defendant **DENIES** the allegations.

136. As to Paragraph 136, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

137. As to Paragraph 137, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

138. As to Paragraph 138, Defendant **LACKS KNOWLEDGE OR INFORMATION** to respond to the allegations.

139. As to Paragraph 139, Defendant **DENIES** the allegations.

140. As to Paragraph 140, Defendant **DENIES** the allegations.

141. As to Paragraph 141, no answer is necessary because this calls for legal conclusion, but to the extent an answer is necessary, Defendant **DENIES** same.

142. As to Paragraph 142, Defendant **DENIES** the allegations.

143. As to Paragraph 143, Defendant **DENIES** the allegations.

144. As to Paragraph 144, Defendant **DENIES** the allegations.

145. As to Paragraph 145, Defendant **DENIES** the allegations.

146. As to Paragraph 146, Defendant **DENIES** the allegations.

147. As to Paragraph 147, Defendant **DENIES** the allegations.

148. As to Paragraph 148, Defendant repeats each and every response to each and every allegation above.

149. As to Paragraph 149, Defendant **DENIES** the allegations.

150. As to Paragraph 150, Defendant **ADMITS** RIT's Gender-Based and Sexual Misconduct Policy is intended to comply with Title IX. For the balance of the allegations in

Paragraph 150, Defendant defers to the policy itself, and to the extent the allegations are inconsistent with same, Defendant **DENIES** the allegations.

151. As to Paragraph 151, Defendant **DENIES** the allegations.

152. As to Paragraph 152, Defendant **DENIES** the allegations.

153. As to Paragraph 153, Defendant **DENIES** the allegations.

154. As to Paragraph 154, Defendant **DENIES** the allegations.

155. As to Paragraph 155, Defendant repeats each and every response to each and every allegation above.

156. As to Paragraph 156, Defendant **DENIES** the allegations.

157. As to Paragraph 157, Defendant **DENIES** the allegations.

158. As to Paragraph 158, Defendant **DENIES** the allegations.

159. As to Paragraph 159, Defendant **DENIES** the allegations.

160. As to Paragraph 160, Defendant **DENIES** the allegations.

## FIRST AFFIRMATIVE DEFENSE

161. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

162. To the extent any cause of action is based on events occurring outside of the applicable statute of limitations, the cause of action is time-barred.

## THIRD AFFIRMATIVE DEFENSE

163. To the extent any cause of action is based on administrative remedies, those claims are barred by failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

164. The discrimination claims fail because Plaintiff was not treated unfairly due to his gender. All actions were taken in good faith and for legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

165. The breach of contract cause of action is barred because the action taken was not arbitrary or capricious and the investigation and disciplinary action at issue were handled in substantial compliance with Defendant's policies and procedures.

### SIXTH AFFIRMATIVE DEFENSE

166. The promissory estoppel fails because Plaintiff did not rely on any enforceable promise that RIT failed to abide by and/or that would have resulted in a different outcome.

### SEVENTH AFFIRMATIVE DEFENSE

167. The promissory estoppel claim fails because it is duplicative of the breach of contract claim.

### EIGHTH AFFIRMATIVE DEFENSE

168. Plaintiff did not suffer damages as a result of any act or omission of the Defendant.

### NINTH AFFIRMATIVE DEFENSE

169. Some or all of Plaintiff's claimed damages are barred due to his failure to mitigate, if he did in fact, incur damages.

### TENTH AFFIRMATIVE DEFENSE

170. Plaintiff's claimed damages are speculative and uncertain and therefore barred.

### ELEVENTH AFFIRMATIVE DEFENSE

171. Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

Defendant reserves the right to raise additional defenses as may be identified during the course of the litigation.

| | |
|---|---|
| DATED: Rochester, New York<br>February 3, 2022 | BOND, SCHOENECK & KING, PLLC<br><br>By: _____<br>Jennifer M. Schwartzott, Esq.<br><br>*Attorneys for Defendant Rochester Institute of Technology*<br>350 Linden Oaks, Third Floor<br>Rochester, New York 14625<br>Telephone: (585) 362-4848<br>Email: JSchwartzott@bsk.com |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2022, the foregoing Answer was electronically filed with the Clerk of the United States District Court for the Western District of New York, using the CM/ECF system, which sent notification of such filing to the following:

Philip A. Byler, Esq.
Andrew T. Miltenberg, Esq.
*Attorneys for Plaintiff*
363 Seventh Avenue
Fifth Floor
New York, NY 10001
Email: pbyler@nmllplaw.com
Email: amiltenberg@nmllplaw.com

_____
Jennifer M. Schwartzott, Esq.